WALTER BAKER & CO., Limited, v. NEW YORK, N. H. & H. R. CO.

(Circuit Court of Appeals, Second Circuit. February 16, 1909.)

SHIPPING (§ 132*)—ACTION FOR LOSS OF CARGO—DEFENSES—CONTRACT GIVING CARRIER BENEFIT OF INSURANCE.

Under a provision of a bill of lading giving the carrier, in case of loss or damage to the property for which it is liable, the benefit of "any insurance that may have been effected upon or on account of such property," the burden rests upon the carrier, when sued for a loss, to prove that there was insurance, to the benefit of which it was entitled.

[Ed. Note.—For other cases, see Shipping, Dec. Dig. § 132.*]

Appeal from the District Court of the United States for the Southern District of New York.

For opinion below, see 162 Fed. 496.

William Greenough, for appellant.

Horace L. Cheyney, for appellee.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

WARD, Circuit Judge. The libel alleges that the libelants delivered 1,215 bags of cocoa to the respondent, to be carried from New York to Milton, Mass., and there delivered to the libelants under a bill of lading annexed thereto; and, further, that 815 of the bags were lost in transit in the East River November 21, 1906, to the libelants' damage in the sum of $18,594.82.

The answer admits the allegations of the libel, except the amount of damage, and then sets up as a defense the following clause of the bill of lading:

"Any carrier or party liable on account of loss of or damage to any of said property shall have the full benefit of any insurance that may have been effected upon or on account of such property."

It proceeds further to allege that at the time of its loss the cocoa was fully covered by insurance, but that it has not had, nor have the libelants offered to give to it, the benefit of the same.

The only evidence offered in the case was a floating policy of marine insurance offered by the respondent which was taken out by the libelants March 10, 1902, and canceled December 17, 1906. It covered merchandise, principally cocoa, on board railroads and/or steamers at and from New York to Milton, Mass., valued at invoice cost, risks applicable to the policy to be reported as soon as known to the insured. The policy contained the following clause:

"It is also agreed that this insurance shall be void in case this policy or the interest insured hereby shall be sold, assigned or transferred or pledged, without the previous consent in writing of the insurers."

The respondent proceeded on the theory that the libelants were bound to show what, if any, insurance they had upon or had collected for the goods lost, and that they could not recover without doing so. The libelants, however, were not bound to take out any insurance at all, but only to give the respondent the benefit of any they might have

on the cocoa. That they had or had not insurance was no part of their case, but purely a matter of defense. The clause relied upon is quite unlike those referred to by counsel exempting carriers from liability for losses, of which notice is not given by the shippers within a fixed time. Such provisions are regarded as limitations of or conditions precedent to the right of recovery. The Westminster, 127 Fed. 680, 62 C. C. A. 406; Queen of the Pacific, 180 U. S. 49, 21 Sup. Ct. 278, 45 L. Ed. 419. There being no proof in the case whatever that the goods in question were reported as risks applicable to the policy offered in evidence, the respondent failed to show that the libelants ever had or collected any insurance on the cocoa of which the respondent was entitled to have the benefit.

This makes consideration of the other interesting questions discussed by counsel unnecessary.

The decree is affirmed, with costs.